# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1648 | **DATE** | 6/27/2001 |
| **CASE TITLE** | Andre Williams vs. Michael V. Neal | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The petition for writ of habeas corpus is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | JUN 2 8 2001 | | 23 |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | CM | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| | | | | FD-7 FILED FOR DOCKETING 01 JUN 27 PH 2: 39 | date mailed notice | |
| | SLB | courtroom deputy's initials | | | | |
| | | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
ANDRE WILLIAMS, )
         )
        Petitioner, )
         )
         )    No. 00 C 1648
        v. )
         )    Judge George W. Lindberg
MICHAEL V. NEAL, )
         )
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Andre Williams has filed a petition for federal habeas corpus relief. He currently is a prisoner in custody of the Illinois Department of Corrections. In June 1992, petitioner was convicted of four counts of aggravated criminal sexual assault and two counts of aggravated kidnaping. He received eight-year prison terms for each of the aggravated criminal sexual assault counts and four-year prison terms for each of the aggravated kidnaping counts, with all terms to run consecutively, for a total of forty years.

Petitioner appealed his conviction to the Illinois Appellate Court, raising the following issues: (1) that the Illinois statute that mandated consecutive sentencing for petitioner's aggravated criminal sexual assault convictions was unconstitutional; (2) that the consecutive sentences imposed for petitioner's aggravated kidnaping convictions violated state "one act-one crime" principles; (3) that the aggravated kidnaping convictions were improper because the confinement was incidental to the sexual assaults; and (4) that petitioner's aggravated criminal sexual assault sentences were excessive. In briefs filed in the appellate court, petitioner also



raised the issue of ineffective assistance of his trial counsel. The appellate court affirmed petitioner's convictions in July 1994, but remanded the matter of petitioner's sentencing on the aggravated kidnaping counts to the circuit court. Meanwhile, petitioner sought review before the Illinois Supreme Court, which denied petitioner's petition for leave to appeal in December 1994. On remand, the circuit court ordered that the four-year prison terms for the aggravated kidnaping convictions be served concurrently to each other. On appeal from the remand, appointed counsel moved to withdraw. In October 1996, counsel's motion to withdraw was granted, and petitioner's revised sentence was affirmed. Petitioner filed a "Late Petition for Leave to Appeal" in the Illinois Supreme Court in December 1996.[1]

In June 1997, petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County. He raised the following issues: (1) that he had not been proven guilty beyond a reasonable doubt; and (2) that consecutive sentences had been imposed on him improperly under state law. In August 1997, the trial court dismissed the petition as frivolous and patently without merit, and petitioner appealed to the Illinois Appellate Court. At this time, appointed counsel moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). Petitioner filed an objection to the motion, raising the following issues: (1) that the circuit court erred in granting appointed counsel's motion to withdraw on post-conviction appeal; (2) ineffective assistance of trial counsel and post-conviction appellate counsel; and (3) that he was not proven guilty beyond

---

[1] A date-stamped copy of this filing is included as an exhibit to petitioner's brief in this habeas action. Neither the petition for leave to appeal nor any ruling by the Illinois Supreme Court on the petition is included in the record filed by respondent, and respondent claims in his Answer that petitioner did not seek leave to appeal the revised sentence to the Illinois Supreme Court. Presumably the petition was denied; in any event, its disposition is not relevant to this decision.

a reasonable doubt. The Illinois Appellate Court granted counsel's motion, and affirmed the dismissal of the post-conviction petition. Petitioner filed a petition for rehearing, raising the issues of ineffective assistance of trial counsel and post-conviction appellate counsel. The petition for rehearing was denied. Petitioner then filed for review before the Illinois Supreme Court and raised the following claims: (1) that he was denied due process and equal protection; (2) ineffective assistance of trial counsel and counsel on direct appeal; (3) that he was entitled to an evidentiary hearing on his post-conviction petition regarding the issue of ineffective assistance of trial and appellate counsel; (4) that post-conviction appellate counsel failed to comply with Illinois Supreme Court Rule 651; and (5) ineffective assistance of post-conviction appellate counsel. The Illinois Supreme Court denied leave to appeal in October 1999.

Petitioner then filed the instant habeas corpus petition, raising the following issues: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) that he was not proven guilty beyond a reasonable doubt.

The court must evaluate this habeas petition according to 28 U.S.C. § 2254. Only claims that the petitioner is being held in state custody in violation of federal constitutional or statutory violations are appropriately raised in habeas petitions. 28 U.S.C. § 2254(a). The court may not grant relief for claims that a state court has adjudicated on their merits unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state appellate court's factual summary is presumed correct unless the petitioner rebuts it with clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Before a federal court can consider the merits of a petition for habeas corpus, petitioner must overcome two procedural hurdles: exhaustion of state court remedies and lack of procedural default. 28 U.S.C. § 2254(b). In this case, respondent concedes that petitioner has exhausted his state court remedies. Respondent instead argues that the court should not reach the merits of petitioner's constitutional claims because he has procedurally defaulted them. The doctrine of procedural default requires the constitutional claims a petitioner raises in his habeas petition to have been fairly presented during the state court proceedings so that the state courts had the opportunity to address their merits. Momient-El v. DeTella, 118 F.3d 535, 538 (7th Cir.), cert. denied, 522 U.S. 984 (1997). A federal court is barred from considering constitutional issues if a petitioner did not raise them during the state proceedings in compliance with state procedural rules. Id. This bar is avoided only if the petitioner demonstrates: (1) cause for the failure to present the claim and prejudice if the claim is not heard; or (2) that a fundamental miscarriage of justice would occur against an innocent person. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

Respondent concedes that petitioner first raised an issue of ineffective assistance of trial counsel in a brief presented to the Illinois Appellate Court during the direct appeal; respondent contends, however, that that issue was different than the ineffective assistance of trial counsel issue raised in the habeas petition. Accordingly, argues respondent, the issue is procedurally defaulted. During the direct appeal, petitioner argued that trial counsel erred in failing to include in the post-trial motion an objection to the admission of a hearsay statement of the victim to a police officer. In his habeas corpus petition, petitioner argues broadly that trial counsel "allowed

4

all of the errors that was committed at trial," and failed to "object to certaim [sic] issues and charges." Federal rules require habeas petitioners to "set forth in summary form the facts supporting each of the grounds" for relief. 28 U.S.C. 2254 Rule 2(c). While Section 2254 and the habeas corpus rules do not burden the federal courts with an obligation to sift through an often voluminous state court record to create grounds for relief for a pro se petitioner, this court is mindful of the general rule that pro se filings must be considered liberally. See Winsett v. Washington, 130 F.3d 269, 280 (7th Cir. 1997). Accordingly, this court will construe petitioner's habeas allegation of ineffective assistance of trial counsel to be the same as the allegation presented to the state court.[2]

Thus, the court turns to the merits of petitioner's ineffective assistance of trial counsel claim. Here, the issue is whether the state court's decision reasonably applied Supreme Court precedent to the facts of petitioner's case. 28 U.S.C. § 2254(d)(1). A state court has reasonably applied Supreme Court caselaw if its application is "at least minimally consistent with the facts and circumstances of the case." Spreitzer v. Peters, 114 F.3d 1435, 1442 (7th Cir. 1997). Under this limited analysis, the state court's decision must stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir.), cert. denied, 522 U.S. 907 (1997).

To state a valid claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), petitioner must establish that: (1) his counsel's performance was objectively unreasonable; and (2) but for his counsel's deficient representation, the outcome

---

[2] This is the broadest allegation this court can properly consider: because no other allegation of ineffective assistance of trial counsel was alleged on direct appeal, any other such allegation would be procedurally defaulted.

would have been different. Id. at 687-88. There is a strong presumption that a criminal

defendant's counsel rendered assistance falling within an objective standard of reasonableness.

Mason v. Godinez, 47 F.3d 852, 855 (7th Cir.), cert. denied, 516 U.S. 840 (1995).

As the state appellate court noted on direct appeal, see People v. Williams, 638 N.E.2d

207, 216-17 (Ill. App. Ct. 1994), Illinois evidentiary law provides that a statement of

identification made by a person made after perceiving him is an exception to the hearsay rule if

the declarant testifies at trial and is subject to cross-examination concerning the statement. See

725 ILCS 5/115-12. Thus, petitioner's counsel's failure to object in the post-trial motion to the

admission of just such a statement at trial does not render counsel's performance objectively

unreasonable. Petitioner has failed to state a valid ineffective assistance of trial counsel claim

under Strickland, and the court rejects the petition for habeas corpus with respect to that claim.

As for petitioner's claim of ineffective assistance of appellate counsel on the direct

appeal, petitioner raised that claim for the first time in his petition for leave to appeal to the

Illinois Supreme Court the denial of his post-conviction petition. The submission of a new claim

to a state's highest court on discretionary review does not constitute a fair presentation under the

doctrine of procedural default. Castille v. Peoples, 489 U.S. 346, 351 (1989). Accordingly, the

claim is procedurally defaulted for failing to raise it in the post-conviction petition. In any event,

because petitioner's claim of ineffective assistance of appellate counsel is based on appellate

counsel's failure to raise the issue of ineffective assistance of trial counsel, the claim would fail

on the merits.

Finally, petitioner argues that he was not proven guilty beyond a reasonable doubt.

Petitioner raised this issue for the first time in his post-conviction petition. After the post-

conviction petition was dismissed, and the Illinois Appellate Court affirmed its dismissal, petitioner failed to raise the issue in his request for review by the Illinois Supreme Court. A petitioner for habeas corpus review must have given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," either in direct appeal or in post-conviction review. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). By omitting this issue in his request for review by the Illinois Supreme Court, petitioner failed to meet his obligation to give the state courts a full opportunity to resolve the issue, and accordingly the claim is procedurally defaulted.

This court may review petitioner's defaulted claims only if his petition shows cause for failure to raise them at the appropriate time and actual prejudice resulting from the failure. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). Without showing cause and prejudice, this court can review petitioner's claims only if refusal to consider them would result in a "fundamental miscarriage of justice" -- that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999), quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

Petitioner asserts as "cause" that his court-appointed counsel was incompetent, stating that "it is the court's duty to make sure that counsel is competent before appointing him/her to a Defendant/Petitioner case, so therefore any and all errors must be attributed to counsel." Inadequate assistance of counsel can serve as cause for waiving claims. Pisciotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998).[3] Petitioner fails, however, to make a showing of prejudice.

---

[3] Ineffective assistance of counsel cannot be the basis for the cause where the claim of ineffective assistance of counsel is itself procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000). However, although petitioner procedurally defaulted his claim of

Nor did petitioner's convictions constitute a fundamental miscarriage of justice. To the contrary, there was sufficient evidence to prove petitioner's guilt. At trial, the two victims testified that petitioner forced them into his car at gunpoint, handcuffed one to the steering wheel, and forced each of them to perform two separate acts of sexual intercourse with him. The victims' credibility was determined by a jury, and this court will not disturb that decision. See, e.g., United States v. Ray, 238 F.3d 828, 834 (7th Cir.), cert. denied, 121 S. Ct. 2014 (2001) (credibility determination by jury will be reversed only "under exceptional circumstances, such as 'where it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all.'"). The evidence was sufficient to prove petitioner's guilt beyond a reasonable doubt.

In addition, the state court denied petitioner's claim that he was not proven guilty beyond a reasonable doubt on independent and adequate state law grounds. When a petitioner raises constitutional issues in state proceedings but the state court rejects the petition because petitioner failed to follow state procedural rules, a federal court is barred from reviewing the claims. This is because the state court's decision rests on "independent and adequate" state law grounds. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In the post-conviction proceeding, petitioner failed to attach affidavits, records, or other evidence supporting his claim in his post-conviction petition; nor does he explain why such documentation is not attached, as required by 725 ILCS § 5/122-2. Under 725 ILCS § 5/122-2.1(a)(2), the trial court may dismiss a post-conviction

---

ineffective assistance of counsel for his direct appeal, he did raise the issue of ineffective assistance of post-conviction counsel in his objection to counsel's Finley motion in the Illinois Appellate Court, his petition for rehearing, and in his request for review before the Illinois Supreme Court.

petition summarily if the petition is frivolous or patently without merit. Here, the trial court dismissed petitioner's post-conviction petition on an independent and adequate state procedural ground as frivolous and without merit. Accordingly, this court is barred from reviewing the claim.

**ORDERED:** The petition for a writ of habeas corpus is denied.

ENTER:

George W. Lindberg
United States District Judge

DATED: _____ JUN 2 7 2001 _____